IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

BETTY J. ALMOND and
THEODORE H. ALMOND,

      Plaintiffs,

v.             CIVIL ACTION NO.   1:13-cv-25168

PFIZER INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion to Remand and Request for Expedited Consideration* (Document 7) and accompanying *Memorandum in Support* (Document 8), the *Defendant's Opposition to Plaintiff's Motion to Remand* (Document 9), and the *Plaintiff's Reply* (Document 10). The Court has considered the identical motions and memoranda filed in the following cases: 1:13-cv-25173; 1:13-cv-25186; 1:13-cv-25199; 1:13-cv-25205; 1:13-cv-25208; 1:13-cv-25213; 1:13-cv-25216; 1:13-cv-25226; 1:13-cv-25267; 1:13-cv-25392; 1:13-cv-25394; 1:13-cv-25395; 1:13-cv-25397; 1:13-cv-25399; 1:13-cv-25402; 1:13-cv-25403; 1:13-cv-25412; 1:13-cv-25420; 1:13-cv-25424; 1:13-cv-25430; 1:13-cv-25441; 1:13-cv-25445; 1:13-cv-25446; 1:13-cv-25447; 1:13-cv-25452; 1:13-cv-25455; 1:13-cv-25461; 1:13-cv-25462; 1:13-cv-25464; 1:13-cv-25465; 1:13-cv-25467; 1:13-cv-25470; 1:13-cv-25473; 1:13-cv-25478; 1:13-cv-25481. Following careful review and consideration, the Court finds that it lacks subject matter jurisdiction and remands the above-styled case, and all of those listed in this paragraph, to the Circuit Court of McDowell County, West Virginia.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs initiated this action with a single Complaint filed in the Circuit Court of McDowell County, West Virginia, on September 4, 2013. That Complaint was later amended to add additional plaintiffs. (*See* Pl.'s First Am. Compl., filed Oct. 3, 2013, att'd as Ex. B to Def.'s Am. Not. of Rem) (Document 3-2.) In compliance with West Virginia Rule of Civil Procedure 3(a), the Plaintiffs each paid separate filing fees and agreed to the assignment of "additional action numbers" for every plaintiff, though only one complaint was filed and the state court clerk initially filed the action under one case number. (*See* Def.'s Am. Not. of Rem., Ex. A) (Document 3-2.) The Defendant removed the action to federal court as thirty-six separate complaints, or one for each Plaintiff.[1] The Defendant, a citizen of New York and Delaware for the purposes of federal diversity jurisdiction, did not remove the four Plaintiffs who are New York citizens and who were included as plaintiffs in both the original and the amended complaint. Ten (10) Plaintiffs are West Virginia residents, twenty-six (26) are Texas residents, and four (4) are New York residents.

The Plaintiffs are all women who took the prescription drug Lipitor and later developed Type II diabetes. They assert ten causes of action, as follows:

1. Negligence
2. Strict Liability: Defect Due to Inadequate Warning
3. Breach of Implied Warranty
4. Fraud
5. Fraudulent Concealment
6. Unjust Enrichment
7. Punitive Damages
8. Unfair or Deceptive Acts or Practices: W. Va. Code § 46A-6-101 *et seq.*
9. False Advertising: W. Va. Code § 32A-1-2; and
10. Loss of Consortium (as to the husband-plaintiffs

---

1   Some Plaintiffs joined their spouses to the action in the amended complaint. For purposes of removal analysis, the spouses are not treated as separate Plaintiffs.

Each plaintiff claims that she took Lipitor as prescribed, that neither she nor her physician knew of the potential risks, and that she developed type II diabetes as a direct result of her ingestion of Lipitor. The Plaintiffs' claims relate to Pfizer's "testing, manufacturing, research, development, adverse reporting, and post-marketing studies" of Lipitor, as well as "the mass production, marketing and sale and/or distribution of the pharmaceutical product LIPITOR without adequate labeling of known risks and inherent dangers." (Pl.'s Am. Compl., ¶¶ 48, 52.) In essence, they allege that Pfizer knew of studies showing that its drug increased the risk of developing type II diabetes, but concealed that information and continued to market the drug to women and their physicians for the purpose of reducing the risk of heart disease.

Pfizer filed notice of removal on October 11, 2013 (Document 1) and an *Amended Notice of Removal* on October 15, 2013 (Document 3). The Plaintiffs filed their *Motion to Remand and Request for Expedited Consideration* (Document 7) and accompanying memorandum (Document 8) on October 22, 2013. Pfizer filed the *Defendant's Opposition to Plaintiff's Motion to Remand* (Document 9) on November 5, 2013, and the Plaintiffs filed their *Reply to Defendant's Opposition to Plaintiffs' Motion to Remand* (Document 10) on November 12, 2013. The Plaintiffs then filed a *Motion for Expedited Consideration of Plaintiffs' Motion to Remand* (Document 11) on December 6, 2013.

## II. STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[2] This Court has original

---

2   Section 1441 states in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action

3

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete jurisdiction to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank*

---

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4

*USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W. Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

### III. DISCUSSION

The Defendant argues that removal is proper because complete diversity exists when each plaintiff is analyzed independently, and further asserts that such separate analysis is required by West Virginia Rule of Civil Procedure 3(a). In the alternative, the Defendant argues that "the master Amended Complaint is removable pursuant to the procedural misjoinder doctrine." (Def.'s Not. of Rem., ¶ 7.) The Plaintiffs respond that West Virginia Rule of Civil Procedure 3(a) is merely administrative and does not "have any substantive effect on whether Plaintiffs' claims were properly joined in state court." (Pl.s' Mem. at 4.) Further, the Plaintiffs assert that their claims all arose out of the same transaction, occurrence, or series of transactions or occurrences, and, thus, were properly joined. (*Id.* at 4–5.) The Plaintiffs cite a series of cases in which federal district courts in Missouri remanded nearly identical mass litigation cases based on the same claims against Pfizer. (*Id.* at 14–15.) For ease of reading and to promote clarity, the Court will consider the Defendant's two arguments separately.

*A. West Virginia Rule of Civil Procedure 3(a)*

West Virginia Rule of Civil Procedure 3(a) was amended in 2008 to provide:

> A civil action is commenced by filing a complaint with the court. For a complaint naming more than one individual plaintiff not related by marriage, a derivative or

5

> fiduciary relationship, each plaintiff shall be assigned a separate civil action number and be docketed as a separate civil action and be charged a separate fee by the clerk of a circuit court.

W. Va. R. Civ. P. 3.

In considering this precise issue in a case with the same defendant, represented by the same counsel, setting forth the same arguments, Judge Chambers interpreted Rule 3(a) as "intended to alter the administration of mass claims by the state courts" and found that it was not "meant to have the rather severe substantive effect of prohibiting all unrelated persons from proceeding with a mass claim in West Virginia state courts." *J.C. ex rel. Cook v. Pfizer, Inc.*, 2012 WL 4442518, *3 (S. D. W. Va. 2012) (Chambers, J.). The Fourth Circuit subsequently dismissed Pfizer's appeal in that case, finding it lacked jurisdiction to even review a district court's decision to remand based on a finding of a lack of subject matter jurisdiction. *E.D. ex rel. Darcy v. Pfizer, Inc.*, 722 F.3d 574 (4th Cir. 2013).

The Defendant invites this Court to reject the reasoning and holding of its fellow Judge—ruling on the same issue just over a year ago—to create a split within the Southern District of West Virginia regarding the interpretation of Rule 3(a). (Def.'s Opp. at 2–3) (arguing that *J.C. ex rel. Cook* "is unpersuasive and should be rejected…*this* Court has not previously addressed or decided this issue."). The Defendant relies on the Findings of Fact and Recommendation of the Mass Litigation Panel in *Abbott v. Earth Support Services*, No. 08-C-138 (W. Va. Cir. Ct. Wyo. Cty, October 22, 2009) and on *Adkins v. Appalachian Fuels, LLC*, 2013 WL 1412184 (S. D. W. Va. 2013) (Copenhaver, J). Neither decision supports the Defendant's proposition that Rule 3(a) has the effect of separating plaintiffs in state court mass litigation actions to permit removal to federal courts when there is not otherwise complete diversity between the plaintiffs and the defendants.

6

In *Abbott*, the panel considered whether a case filed as a single civil action, before relevant amendment of Rule 3(a), should be referred to a state mass litigation panel. The judges considered the rule change as of future significance to similar cases, due to a state court rule defining mass litigation as "two or more civil actions pending in one or more circuit courts." *Abbott*, ¶ 11. *Abbott* involved ninety-nine plaintiffs with similar factual and legal claims, but was defined as a single civil action under the previous Rule 3, and, therefore, was not eligible for referral to the state mass litigation panel. *See Abbott*, ¶¶ 11–14. The discussion in *Abbott* bore only on the possibility that a similar case with multiple plaintiffs, filed after the adoption of the current Rule 3(a), could be eligible for referral to the state mass litigation panel, not on the ability of defendants to separate non-diverse plaintiffs in order to remove diverse plaintiffs to federal courts. Far from "expressly adopting" Pfizer's interpretation of Rule 3(a) (Def.'s Opp. at 9), this history squarely supports Judge Chambers' interpretation that Rule 3(a) was designed to assist state courts with administrative management of mass litigation claims.

Similarly, *Adkins* does not help the Defendant. That case involved several plaintiffs who filed a master complaint, but argued that their claims should be treated separately to place the amount in controversy below the threshold for federal diversity jurisdiction. *Adkins*, 2013 WL 1412184 at * 2. Judge Copenhaver quoted the plaintiffs' arguments regarding Rule 3(a), but made no findings related to that rule. Instead, he based his decision on Fourth Circuit case law regarding aggregation of claims, and noted that, under alternative facts, "aggregation might be appropriate in this circuit," which can hardly be read as a finding that Rule 3(a) bars joinder of plaintiffs' claims filed in West Virginia state courts for diversity jurisdiction purposes. *Id.* at *3.

7

The Plaintiffs in the present action properly joined their claims in a single case, regardless of the administrative filing requirements of the state court.[3] This Court finds Judge Chambers' reasoning persuasive with respect to the application of West Virginia Rule of Civil Procedure 3(a), and further finds that the rule does not mandate that federal courts treat all plaintiffs in a joined case, whether under a single civil action number or not, independently for the purposes of remand analysis. It is undisputed that four of the Plaintiffs named in the complaint and the amended complaint are New York citizens, and that the Defendant has its principal place of business in New York and is, therefore, considered a New York citizen for federal diversity jurisdiction purposes. As such, the four New York plaintiffs, parties to the single complaint, defeat diversity jurisdiction.

*B. Procedural Misjoinder*

The Defendant next argues, in the alternative, that pursuant to the procedural misjoinder doctrine, the Plaintiffs' cases were not properly joined and must be treated as 40 separate actions. Thus, they argue, this Court has diversity jurisdiction over all of the cases except those of the New York Plaintiffs. The Defendant asserts that "Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. There is no connection between the 40 primary plaintiffs' personal injury claims, which arise out of different occurrences, and there is ample evidence that plaintiffs joined their claims to avoid diversity jurisdiction . . . ." (Def.'s Opp. at 13.) The Plaintiffs reply that their claims "all arose out of the same transaction or occurrence, or series of transactions or occurrences – i.e. Defendant's research, development, testing, approval, manufacturing, labeling, marketing and distribution of Lipitor." (Pl.s' Rep. at 6.) The Plaintiffs, again, compare their claims to those involved in *J.C. ex rel. Cook.* "Plaintiffs

---

3   The Court notes that the McDowell County Circuit Court did not, in fact, assign the Plaintiffs separate case numbers, instead treating this proceeding as a single civil action. Although the Defendant objected and requested that the claims be separated, the record does not reflect a response from that court.

in this case have all suffered the same injury (type 2 diabetes) caused by the same drug (Lipitor) at approximately the same time (after Defendant had knowledge of the risks and failed to adequately warn of those risks." (Pl.s' Mem. at 13.)

Federal Rule of Civil Procedure 20(a), identical in relevant portion to West Virginia Rule of Civil Procedure 20(a), provides the framework for joinder of parties:

> Persons may join in one action if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a). "The "fraudulent joinder" doctrine permits removal when a non-diverse party is (or has been) a defendant in the case . . . . This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (internal quotation marks removed).

9

Considering the same legal question involving similar claims against the same defendant just last year, Judge Chambers found that claims arising "out of the design and mass production of Zoloft and its distribution without adequate labeling of known risks and warning about the drug's inherent dangers" were logically related and arose from the same series of transactions or occurrences. *J.C. ex rel. Cook v. Pfizer, Inc.*, 2012 WL 4442518, *5 (S. D. W. Va. 2012) (Chambers, J.). The Defendant again argues that *J.C. ex rel. Cook* was improperly decided, asserting that "the overwhelming weight of authority" supports a finding that pharmaceutical product liability claims "do not satisfy the 'same transaction or occurrence' requirement," though none of the pharmaceutical liability cases cited were decided by courts within the Fourth Circuit. (Def.'s Opp. at 17.) This Court, again, agrees with Judge Chambers' reasoning and finds it particularly applicable to the present case.

The Plaintiffs all allege that they contracted type II diabetes after taking Lipitor as prescribed by their physicians. They all allege that neither they nor their physicians knew of the risks because Pfizer concealed relevant research, instead continuing to market and distribute Lipitor with no mention of the risk of developing type II diabetes. The fact that there will be some plaintiff-specific evidence, such as individual conversations with physicians, does not defeat the permissive joinder standard. The Defendant contends that the "transaction or occurrence" at issue is "each plaintiff's…individual doctor's decision to prescribe Lipitor for her and her individual use of and alleged injury from Lipitor." (Def.'s Opp. at 14.) The Plaintiffs, meanwhile, assert that the "transaction or occurrence" here is "[Pfizer's] research, development, testing, approval, labeling, marketing and distribution of Lipitor." (Pl.s' Rep. at 7.) The Plaintiffs' claims are not against their doctors, but against Pfizer. Thus, Pfizer's actions and/or omissions

10

necessarily constitute the principal transactions and occurrences at issue, and will necessarily raise common questions of law and fact. Accordingly, the Court finds that the New York Plaintiffs were properly joined and that no other indicia of fraudulent joinder are present here. As stated above, there is no dispute that the New York Plaintiffs are not diverse from the Defendant. Thus, this Court lacks jurisdiction over this matter, and it must be remanded to state court.

## *CONCLUSION*

Following a thorough review and careful consideration, the Court **FINDS** that it lacks subject matter jurisdiction over the above-styled matter. Accordingly, the Court hereby **ORDERS** that the *Plaintiffs' Motion to Remand* (Document 7) be **GRANTED**, that the *Plaintiffs' Motion for Expedited Consideration of Plaintiffs' Motion to Remand* (Document 11) be **TERMINATED AS MOOT**, and that this case and all cases specifically referenced on the first page of this **OPINION** be **REMANDED** to the Circuit Court of McDowell County, West Virginia, for further proceedings.

The Court observes that the Plaintiffs have requested an award of costs and fees associated with the removal of this action. (*See* Pl.s' Mot. to Remand at 3) (Document 7.) Should the Plaintiffs continue to seek such an award, the Court hereby **ORDERS** that they submit their calculation of applicable costs **no later than December 30, 2013.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of McDowell County, West Virginia, to counsel of record and to any unrepresented party, in this action and under the following cases: 1:13-cv-25173; 1:13-cv-25186; 1:13-cv-25199; 1:13-cv-25205; 1:13-cv-25208; 1:13-cv-25213; 1:13-cv-25216; 1:13-cv-25226; 1:13-cv-25267;

1:13-cv-25392; 1:13-cv-25394; 1:13-cv-25395; 1:13-cv-25397; 1:13-cv-25399; 1:13-cv-25402; 1:13-cv-25403; 1:13-cv-25412; 1:13-cv-25420; 1:13-cv-25424; 1:13-cv-25430; 1:13-cv-25441; 1:13-cv-25445; 1:13-cv-25446; 1:13-cv-25447; 1:13-cv-25452; 1:13-cv-25455; 1:13-cv-25461; 1:13-cv-25462; 1:13-cv-25464; 1:13-cv-25465; 1:13-cv-25467; 1:13-cv-25470; 1:13-cv-25473; 1:13-cv-25478; 1:13-cv-25481.

ENTER: December 19, 2013

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA